Citation Nr: 1719239 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 11-02 668 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New York, New York


THE ISSUE

Entitlement to an initial compensable rating for service-connected sarcoidosis polyarthropathy. 


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

P. E. Metzner, Associate Counsel






INTRODUCTION

The Veteran served on active duty from March 1998 to July 1998, September 2001 to September 2003, and December 2004 to May 2005. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in New York, New York. 

In a February 2012 videoconference hearing the Veteran testified before the undersigned Veterans Law Judge. A copy of the hearing transcript is of record. 

In November 2015, this matter was previously before the Board. Subsequently, the Board remanded this matter to afford the Veteran's representative the opportunity to execute a Statement of Accredited Representative in Appealed Case (VA Form 646). Pursuant to this directive, the RO requested and obtained a VA Form 646. Accordingly, all remand instructions issued by the Board have been complied with, and these matters are once again before the Board. See Stegall v. West, 11 Vet. App. 268 (1998). The representative has since withdrawn. See March 2016 Correspondence

The Board acknowledges that the RO did not submit a Supplemental Statement of the Case (SSOC) prior to certification of the case to the Board. However, the RO was not required to submit a SSOC as the hearing transcript and the VA Form 646 did not identify additional pertinent evidence. See 38 C.F.R. § 19.31 (b) (The agency of original jurisdiction (AOJ) will furnish the appellant a SSOC if it receives additional pertinent evidence after a Statement of the Case or most recent SSOC has been issued). 






FINDING OF FACT

During the entirety of the appeals period, the Veteran's sarcoidosis has not resulted in pulmonary involvement, nor required corticosteroids treatment. The Veteran's sarcoidosis is in remission. 


CONCLUSION OF LAW

The criteria for a compensable disability rating for service-connected sarcoidosis polyarthropathy have not been met. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. §§ 4.1, 4.7, 4.97, Diagnostic Code (DC) 6846 (2016).


REASONS AND BASES FOR FINDING AND CONCLUSION

The Board has thoroughly reviewed all the evidence in the Veteran's claims file. While the Board has an obligation to provide reasons and bases supporting this decision, there is no need to discuss, in detail, all the evidence submitted by the Veteran or on his behalf. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) (the Board must review the entire record, but does not have to discuss each piece of evidence). The analysis below focuses on the most salient and relevant evidence and on what this evidence shows, or fails to show, on the claim. The Veteran must not assume the Board overlooked pieces of evidence that are not explicitly discussed herein. See Timberlake v. Gober, 14 Vet. App. 122 (2000) (the law requires only that the Board address its reasons for rejecting evidence favorable to the Veteran).

The Board must assess the credibility and weight of all evidence, including the medical evidence, to determine its probative value, accounting for evidence which it finds to be persuasive or unpersuasive, and providing reasons for rejecting any evidence favorable to the Veteran. Equal weight is not accorded to each piece of evidence contained in the record; every item of evidence does not have the same probative value. When all the evidence is assembled, the Board is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether a preponderance of the evidence is against a claim, in which case, the claim is denied. See Gilbert v. Derwinski, 1 Vet. App. 49 (1990).


Duty to Notify and Assist

VA has a duty to notify and a duty to assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5103, 5103A; 38 C.F.R. § 3.159.

The duty to notify has been met. See September 2010 VCAA letter and February 2012 Board Hearing Transcript. The Veteran has not alleged prejudice with regard to notice. The Federal Court of Appeals has held that "absent extraordinary circumstances...it is appropriate for the Board and the Veterans Court to address only those procedural arguments specifically raised by the veteran...." See Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015). In light of the foregoing, nothing more is required.

The Board also finds the Veteran has been afforded adequate assistance in response to his claim. His pertinent service treatment records are of record. VA Medical Center (VAMC) and private treatment records have been obtained. The Veteran has been provided appropriate VA examinations, which are found to be adequate for rating purposes. The Veteran has not challenged the adequacy of the examinations of record nor identified any outstanding evidence, to include medical records, which could be obtained to substantiate the claim. The Board is also unaware of any outstanding evidence. 

As there is no indication that any failure on the part of VA to provide additional notice or assistance reasonably affects the outcome of these claims, the Board finds that any such failure is harmless. See Mayfield v. Nicholson, 19 Vet. App. 103 (2005), rev'd on other grounds, Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006).

Laws and Regulations

Disability ratings are determined by applying the criteria set forth in the VA's Schedule for Rating Disabilities, which is based on the average impairment of earning capacity. Individual disabilities are assigned separate diagnostic codes. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. § 4.1 (2015). The basis of disability evaluations is the ability of the body as a whole, or of the psyche, or of a system or organ of the body to function under the ordinary conditions of daily life including employment. 38 C.F.R. § 4.10. 

In determining the severity of a disability, the Board is required to consider the potential application of various other provisions of the regulations governing VA benefits, whether or not they were raised by the veteran, as well as the entire history of the veteran's disability. 38 C.F.R. §§ 4.1, 4.2 (2016); Schafrath v. Derwinski, 1 Vet. App. 589, 595 (1991).

If the disability more closely approximates the criteria for the higher of two ratings, the higher rating will be assigned; otherwise, the lower rating is assigned. 38 C.F.R. § 4.7. 

In deciding this appeal, the Board has considered whether separate ratings for different periods of time, based on the facts found, are warranted, a practice of assigning ratings referred to as "staging the ratings." See Fenderson v. West, 12 Vet. App. 119 (1999). 

Under Diagnostic Code 6846, sarcoidosis with chronic hilar adenopathy or stable lung infiltrates without symptoms or physiologic impairment is rated noncompensable (0 percent disabling). Sarcoidosis with pulmonary involvement with persistent symptoms requiring chronic low dose (maintenance) or intermittent corticosteroids is rated 30 percent disabling. Sarcoidosis with pulmonary involvement requiring systemic high dose (therapeutic) corticosteroids for control is rated 60 percent disabling. Sarcoidosis with cor pulmonale, or; cardiac involvement with congestive heart failure, or; progressive pulmonary disease with fever, night sweats, and weight loss despite treatment, is rated 100 percent disabling. 38 C.F.R. § 4.97, DC 6846. 

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 7105; 38 C.F.R. §§ 3.102, 4.3.

Factual Background and Analysis

In April 2004, the Veteran presented to the hospital for bilateral lower extremity pain (ankles) and hilar adenopathy. See April 2004VAMC records. Upon further evaluation, he was diagnosed with sarcoidosis and was started on a prednisone regimen. 

By June 2004, the Veteran's symptoms were resolved. See June 2004 VAMC records. He continued treatment with prednisone through August 2004 and he was doing well and feeling great. See August 2004 VAMC records. By December 2005, the Veteran sought medical clearance to take part in a physical agility evaluation for a police department. See December 2005 VAMC records. He reported that he was not on any medication and had no joint pain. Examination revealed normal extremities with full range of motion and no rhonchi or wheeze. The examiner indicated that the Veteran was stable to undergo the agility evaluation and could perform sit-ups, push-ups, and a 1.5 mile run. 

The Veteran was also privately evaluated for pulmonary involvement of his sarcoidosis. However, he denied fever, cough, phlegm, wheezing, shortness of breath, and chest pain. See September and November 2007 and September 2008 Pulmonary and Critical Care Services, P.C. Further testing revealed normal pulmonary functioning. From a respiratory standpoint, his sarcoidosis was considered asymptomatic. 

By December 2007 the Veteran had been off steroid treatment for several years and had no significant effects. See December 2007 VAMC records. Consequently, his sarcoidosis was considered resolved. A follow-up examination in October 2010 indicated that the Veteran's condition remained stable and he was not on any medication. The examiner also indicated that the Veteran's sarcoidosis did not result in any ocular complications. 

In February 2012, the Veteran testified that his condition was currently dormant and he did not have any active symptoms other than minor tightness and pain. He indicated that, based on his symptomatology, he was satisfied with the current 0 percent rating. The Board acknowledges that the Veteran is competent to report the absence of present symptomatology. Barr v. Nicholson, 21 Vet. App. 303 (2007) (lay testimony is competent to establish the presence of observable symptomatology); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. Sept. 14, 2009). 

In consideration of the foregoing, the Board finds that the medical and lay evidence of record clearly demonstrates that the Veteran's sarcoidosis is not productive of any actual symptoms or active disease and has not required treatment at any time during the appeal period. Furthermore, he does not suffer from any related pulmonary or ocular symptomatology. Accordingly, a compensable rating under DC 6846 is not warranted. See 38 C.F.R. § 4.97.

The Board has also considered the applicability of DC 5271 under 38 C.F.R. § 4.71a in assessing any functional loss due to the effects of the Veteran's sarcoidosis on his ankles. Under § 4.71a, ankle disability with moderate limitation of motion warrants a 10 percent rating. A 20 percent rating is assigned for ankle disability with marked limitation of motion. 

The words "moderate" and "marked," as used in the various diagnostic codes, are not defined in the VA Schedule for Rating Disabilities. Rather than applying a mechanical formula, the Board must evaluate all of the evidence, so that its decisions are "equitable and just." 38 C.F.R. § 4.6. Although the use of similar terminology by medical professionals should be considered, it is not dispositive of an issue. Instead, all evidence must be evaluated in arriving at a decision regarding a request for an increased disability rating. 38 U.S.C.A. § 7104 (West 2014); 38 C.F.R. §§ 4.2, 4.6 (2016).
VA treatment and examination records show normal range of motion throughout the appeal period, except on VA examination in October 2010, where his left ankle dorsiflexion was limited to 5 degrees. See May 2004, December 2005, and December 2007 VAMC records and October 2010 VA Examination. There is no other evidence of limitation of motion during the appeal period. Furthermore, the Veteran indicated that his condition was dormant and he has not experienced symptoms except for minor tightness and pain. Therefore, the record evidence does not show that his sarcoidosis of the ankles was productive of even moderate limitation of motion. As such, a rating under DC 5271 is not warranted.

In reaching this conclusion, the Board has considered the applicability of the benefit-of-the-doubt doctrine. However, as the preponderance of the evidence is against the Veteran's claim of entitlement to an increased rating, beyond that assigned herein, that doctrine is not applicable. See 38 U.S.C.A. § 5107 (b) (West 2014); 38 C.F.R. § 3.102 (2016); see also Ortiz v. Principi, 274 F.3d 1361, 1365 (Fed. Cir. 2001).

The Veteran has not raised any other issues, nor have any other issues been reasonably raised by the record. See Doucette v. Shulkin, No. 15-2818, 2017 U.S. App. Vet. Claims LEXIS 319, *8-9 (Vet. App. March 17, 2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record)."


ORDER

An initial compensable rating for sarcoidosis polyarthropathy is denied.



____________________________________________
MICHAEL A. HERMAN
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs